UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN PAULSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICHARD W. ROBERTS, *et al.*,<br><br>　　　　Defendants. | Case: 1:16-cv-01119  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 6/15/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff's claims arise from the disposition of a prior civil action by this Court and its appeal to the United States Court of Appeals for the District of Columbia Circuit. *See Paulson v. Apple, Inc.*, No. 15-cv-0556 (D.D.C. Apr. 13, 2015), *appeal dismissed*, No. 15-7056 (D.C. Cir. Feb. 18, 2016). For example, plaintiff alleges that the Clerks of Court failed to file timely his complaint and other submissions, issue summonses, serve process on the defendants, and to respond to his correspondence. He also alleges former Chief Judge Richard W. Roberts, to whom the former action was assigned for screening purposes, had a conflict of interest arising from his affiliation with a law firm that represented the defendants in that action and from his wife's employment with one of the defendants. Among other relief, plaintiff demands an order vacating the dismissal of her prior action.

Judge Roberts enjoys absolute immunity from liability for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Pierson v. Ray*, 386 U.S.

547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). This immunity extends to clerks of court performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam) ("Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process."), *cert. denied*, 552 U.S. 1282 (2008). Because it appears that the alleged constitutional violations committed by the defendants occurred in the course of the performance of judicial functions, judicial immunity protects them from suit. *See, e.g., Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint for failure to state a claim upon which relief can be granted. An Order is issued separately.

DATE: 6/13/16

United States District Judge